MARY MINDLIN and Another, Plaintiffs, *v.* CONSOLIDATED TAX-PAYERS MUTUAL INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Kings County, March 2, 1940.

*Morris Mostoff,* for the plaintiffs.

*Joseph S. Robinson,* for the defendant.

FROESSEL, J. Plaintiffs Mary and Charles Mindlin are husband and wife. They sued Mary's mother, Sarah Lieberman, owner of premises 1557 Park place, Brooklyn, N. Y., in which they were tenants, for personal injuries sustained by Mary and for loss of services sustained by her husband. Sarah Lieberman was insured by this defendant under a public liability policy covering the premises at the time of the accident complained of. This defendant originally undertook to defend its insured in the negligence action brought by plaintiffs until it learned that Mary was a child of Sarah Lieberman. It then promptly withdrew from the action upon the ground that its policy was made expressly subject to the following condition, among others:

" Exclusions A. This policy shall not cover any accident * * * (9) In respect to personal injuries or death caused to any person who may be the husband, wife, child or parent of the Assured or caused to any officer of director of the Assured or caused in the portion of the premises occupied by the Assured for business purposes or as a residence for himself and his family; * * *."

Judgment was subsequently obtained in that action, after inquest, in favor of Mary for $3,139.95 and in favor of her husband for $750, liability for which is now sought to be imposed on this defendant.

It is undisputed that Mary is Sarah's adult child and her age at the time of the accident was thirty-six years. The sole question involved here is: Was Mary a child of the assured within the meaning of the aforesaid condition of exclusion? If so, she cannot recover.

Counsel for both sides have quoted scores of definitions of the word " child " to suit their respective contentions, but such definitions are not helpful here. Plaintiffs' counsel also asks the court to invoke such well-known rules of law as: (a) Contracts of insurance are construed liberally in favor of the assured; (b) conditions providing for forfeiture are to receive strict construction against the insurer; and (c) ambiguous words are given their common rather than their technical meaning. But all these rules are invoked only when the meaning and intent are doubtful.

In my opinion the language and the use of the word " child " in the quoted exclusion clause is clear. As I read it, together with the language with which it is associated, the word " child," as used in this policy, simply means a child in every sense of the word, including a son or daughter of whatever age, and is not limited to an infant child. " Husband, wife, child or parent of the Assured " are clearly words of relationship and in no sense imply the limited status of infancy or minority. As is indicated not only by these words but by the language that follows, this clause was manifestly intended to bar any action by immediate members of the family of an insured or the officers or directors of an insured corporation so as to exclude, on the one hand, possible collusion, and, on the other, law suits between close members of a family or officials of a corporation who would not sue in the absence of an insurance policy.

In the light of the foregoing the motion for summary judgment must be denied; and, of course, this disposition applies to the husband's action as well. (*Maxson* v. *Tomek*, 244 App. Div. 604; appeal to the Court of Appeals denied, 268 N. Y. 726.)

Settle order on notice.