OPINION OF THE COURT
James J. Brucia, J.
Motion by plaintiff for summary judgment pursuant to CPLR 3212 in this declaratory judgment action is denied. Defendants’ cross motion for summary judgment is granted and disposed of as follows:
There is no dispute as to the facts. Admittedly David Anzalone was the owner of a certain motor boat from which his infant son, Anthony Robert Anzalone, who resided with him, was seriously injured on July 14, 1982 when he fell overboard. At the time of the accident, the boat was being operated by Anthony’s infant brother, Joseph Christopher Anzalone, with his father’s consent. The injured son’s mother brought a suit on behalf of said son against the father and the other son. Allstate has disclaimed coverage and the insurance company brought this action seeking a declaratory judgment.
*223 The sole issue here concerns the validity of the exclusion provisions for bodily injuries to resident relatives of the insured David Anzalone, Anthony Robert Anzalone, and Cira Anzalone, in two policies issued by plaintiff Allstate which were in effect at the time of the accident. Such is purely a question of law. i
The exclusion provision of Allstate’s recreational vehicle package policy No. 043675080 reads as follows: “Exclusions — what this Section of the policy does not cover. This Section does not apply * * * 8. under Coverage A A [Bodily Injury Liability] to bodily injury to any person who is related by blood * * * against whom claim is made, if such person resides in the same household as such insured.”
The exclusion provision of the “Deluxe Homeowners” policy No. 043964496 contains the following exclusionary clause: “Exclusions — Losses we do not cover * * * We do not cover bodily injury to an insured person”.
The term “insured persons” is defined as the “policyholder and resident spouse and, if a resident of their household, any relative and any dependent person in their care.”
The issue as to whether such intrafamily exclusion of these policies is void as against public policy is not without difficulty, for it appears that two conflicting policies of law are involved, namely, (1) the acknowledged right of the parties to a private contract to provide in express terms the extent of the obligations created thereby (29 NY Jur, Insurance, § 510; Mason-Henry Press v Aetna Life Ins. Co., 211 NY 489, 495-496), (2) the public policy declared in subdivision 2 of section 167 of the Insurance Law in providing broad insurance coverage for members of the public injured by “vessels.” Such section provides in part, as follows: “No policy or contract of personal injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or operation of * * * any vessel as defined in section forty-eight of the navigation law, shall be issued or delivered in this state to the owner thereof, or shall be issued or delivered by any authorized insurer upon any such * * * *224 vessel then principally garaged or principally used in the state, unless it contains a provision insuring the named insured against liability for death or injury sustained * *• * as a result of negligence in the operation or use of such vehicle by any person operating or using the same with the permission, express or implied, of the named insured * * * or in the case of a vessel, as a result of the operation or use of the vessel by any person operating or using the same with the permission, express or implied, of the named insured.”
Except with respect to the legislative permission granted to insurers in subdivision 3 of section 167 of the Insurance Law, subdivision 1 of said section 167 makes it mandatory that liability policies contain the afore-mentioned provision or provisions which are equal or more favorable to the insured. The impact thereof is particularly significant, here, because Allstate contends that the insured respondent is not protected because each of the insurance policies contains “family exclusion” clauses, and that such clauses were approved by the Superintendent of Insurance of the State of New York in 1972 when Allstate filed its recreational package policy program. Such approval, however, was improper and in disregard of the provisions of subdivisions 1 and 2 of section 167 of the New York State Insurance Law which express the public policy of this State, that ■persons injured as a result of the use and operation of a vessel should be protected against financially irresponsible users of such vessels.
No one, of course, would deny the power of the Legislature to authorize an all-family household exclusion in liability policies if it so desired. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 2.) This court notes that the California Legislature by subdivision (c) of section 11580.1 of the California Insurance Code authorized automobile liability insurers to exclude from coverage an insurer’s bodily injury liability to any other person insured under the policy. In Wisconsin, a liability insurance company is prohibited from excluding liability for injuries to persons related by blood or marriage to the insured (see Haines v *225 Mid-Century Ins. Co., 47 Wis 2d 442). Our New York State Legislature has, in subdivision 3 of section 167 of the Insurance Law, specifically authorized insurers to exclude liability coverage for the spouse of the insured. It did not, however, do so with respect to other relatives of the insured. The Legislature certainly is not unaware that suits are permissible between child and parent, and brother against brother for negligent acts (see Gelbman v Gelbman, 23 NY2d 434,439; see, also, General Obligations Law, § 3-313). The Legislature, however, did not give insurers the right to expressly exclude coverage for parent-child liability or brother vis-a-vis brother liability. Neither the Superintendent of Insurance nor an insurance company can exclude that which is mandated by law. By subdivisions 1 and 2 of section 167 of the Insurance Law, the Legislature indicated that the definite and vital interest of society in protecting such people from losses resulting from vessel accidents should remain paramount. This court will avoid a construction which is prejudicial to the public interests. There is nothing in subdivision 1 or 2 of section 167 of the Insurance Law to suggest that the Legislature intended to permit an insurer to exclude coverage to its insured in the event of a “vessel” accident to his son in the use of his vessel. If the insured vessel was “principally garaged or principally used in this state,” as respondent’s vessel admittedly was, the statute (Insurance Law, § 167, subd 2) required that the policy be read to provide the insurance liability coverage. The provisions of subdivisions 1 and 2 of section 167 of the Insurance Law are not ambiguous, and thus the court must effectuate the plain expressed intention of the Legislature without regard to the approval already given by the Superintendent of Insurance to the intrafamily exclusion in liability policies. No executive or administrative officer can make the statute inapplicable by erroneously construing it (People ex rel. Gleason v Purdy, 179 App Div 232, 235, affd 223 NY 88). As stated in Thruway Motel of Ardsley v Heilman Motel Corp. (11 Misc 2d 418, 422): “It is clear that the effect of a particular statute may not be enlarged beyond the generally accepted meaning of the terms thereof by the opinion or action of executive or administrative officers. In the final analysis, the interpretation of statutes is for the courts, and the enlargement or amendment thereof is *226 solely a legislative prerogative (see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129.)”
“The general right of parties to a contract to dictate its terms must be limited when the contract is a policy of casualty insurance required by law” and “[i]n such situation the overriding public policy of the State for the protection of its residents from injury by financially irresponsible persons becomes paramount” (Insurance Co. of North Amer. v Godwin, 46 AD2d 154,159 [and the policy must be construed as if the statutory coverage were embodied in the policy]).
This court, therefore, declares that the intrafamily exclusion in the policies, except as it may apply to liability of the spouse for injuries to the other spouse, is void and against the public policy of this State; that the approval of such a broad exclusion in liability policies by the New York State Insurance Department was improper and unlawful; that the insurer’s disclaimer of liability in the son’s action against his father and his brother for negligence in the ownership, use and operation of the vessel was invalid; that said insurer has an obligation under each of the aforesaid insurance policies to defend and indemnify the defendants in the underlying bodily injury suit brought by Anthony Robert Anzalone and his mother, Cira Anzalone, now pending in this court (Insurance Law, § 143), except that the exclusion is applicable insofar as Cira Anzalone seeks to recover for her own individual losses against her husband (Insurance Law, § 167, subd 3; Smith v Employer's Fire Ins. Co72 Misc 2d 524).