OPINION OF THE COURT
Thomas Aloi, J.
This is an action brought pursuant to Insurance Law former § 167 (1) (b) (now § 3420 [a] [2]) against an insurer to recover the amount of an unsatisfied personal injury judgment recovered by plaintiff against a party to whom defendant had issued a homeowner’s policy in effect when the injuries sued for were sustained.
On February 20,1982, Laura N. Suba, an infant seven years old, sustained serious injuries while skiing with her father, William B. Suba, at a ski area within the City of Utica. Plaintiff, Laura’s mother, brought an action against the city, alleging negligence by it in the maintenance of the ski slope, which terminated in April 1984 in a verdict of no cause for action. Thereupon, plaintiff commenced an action against the child’s father, William Suba, alleging negligence by him in the adjustment of the safety bindings on Laura’s skis. The father *840 gave notice of the action to defendant insurer; after the insurer disclaimed liability under the homeowner’s policy which had been issued by it to the father, the father defaulted in the negligence action against him, and, following an inquest to fix damages, a judgment in the amount of $75,000 plus costs was entered in favor of plaintiff. When the judgment remained unsatisfied for more than 30 days, plaintiff brought this action against the father’s insurer, which is defending on the ground that the claim out of which the action arises is excluded from coverage by the terms of the policy issued to William Suba.
Plaintiff has moved for summary judgment in the amount of the outstanding judgment recovered against the named insured, and defendant insurer has cross-moved for summary judgment of dismissal.
The homeowner’s policy which is the predicate for plaintiff’s action describes two kinds of liability coverage afforded by it: "Coverage L — Personal Liability” and "Coverage M — Medical Payments to Others”. (There has been no question raised but that it is under one or both of these coverages that plaintiff seeks to hold the insurer liable.) The portion of the policy which sets out exclusions states:
"1. Coverage L — Personal Liability and Coverage M — Medical Payments to Others do not apply to * * *
"g. bodily injury to you or any insured within the meaning of part (a) or (b) of the definition of insured.”
Parts (a) and (b) of the definition of insured contained in the policy provide:
"3. 'insured’ means you and the following residents of your household:
"a. your relatives
"b. any other person under the age of 21 who is in the care of any person named above.”
The foregoing language clearly excludes the bodily injury sustained by the insured’s infant daughter, Laura — whose residence as a member of his household is undisputed — from the coverage for personal liability and for medical payments to others otherwise provided by the policy.
In an effort to avoid this result, plaintiff asserts that the policy exclusion, insofar as it withholds coverage for liability of the insured to his daughter arising out of the skiing accident in question, is against public policy. She points to no statutory provision which expressly prohibits intrafamily ex- *841 elusions in homeowner’s policies, but relies on the decision of Allstate Ins. Co. v Anzalone (119 Misc 2d 222), an insurer’s declaratory judgment action arising out of injuries sustained by the son of an insured owner of a motor boat.
In Anzalone (supra), as plaintiff points out, there were two policies involved, a recreational vehicle policy and a homeowner’s policy, both of which contained intrafamily exclusions somewhat similar to the one in the policy written by defendant, and the court held the exclusions, except insofar as they might apply to interspousal liability, void and contrary to public policy in both contracts. It is important, however, to examine the rationale on which the court reached its result, i.e., that the Legislature has mandated insurance coverage for injured victims of vessels, and that the Insurance Law specifically authorizes insurers only to exclude liability coverage for the spouse of an insured, without reference to other members of a family, such that permitting a broader intrafamily exclusion would violate "the public policy of this State, that persons injured as a result of the use and operation of a vessel should be protected against financially irresponsible users of such vessels” (119 Misc 2d, at p 224). The foregoing rationale was relevant only to the recreational vehicle policy, which was providing the statutorily required liability coverage for the motor boat; that analysis furnished no basis — and none was otherwise given — for the conclusion that the intrafamily exclusion in the homeowner’s policy was not valid, unless the conclusion resulted from the fact that the incident for which coverage was being claimed involved the use of a vessel, the subject of mandated liability insurance coverage.
Inasmuch as homeowner’s liability insurance coverage is entirely voluntary and there is no statutory requirement reflecting a public policy in the provision of such insurance (or of insurance covering skiing accidents like the one sustained by Laura Suba), this court does not regard the rejection in the Anzalone case of the intrafamily exclusion in the homeowner’s policy as precedent for a similar rejection in the present case. Absent some predicate for applying to homeowner’s insurance the mandate of coverage which has been statutorily created with respect to vessel, motor vehicle and aircraft liability, there is no reason to accept as the only allowable intrafamily exclusion for such insurance an exclusion limited to claims between spouses. To do so would be an unauthorized judicial intrusion on the rights of the parties to an insurance contract to determine and express the obligations created in considera *842 tion of the premium agreed on. "In the absence of legislative interference, the parties to a contract of insurance may make a contract to their mutual liking and can insert in it such conditions and agreements as they choose, regulating the rights, duties, and obligations of each, both before and after loss, provided such conditions are not contrary to public policy or statute, and they may exercise their prerogatives within the bounds of the terms of the insurance contract” (29 NY. Jur, Insurance, § 510). Intrafamily exclusions have been upheld in other jurisdictions (State Farm Fire & Cas. Co. v Clendening, 150 Cal App 3d 40, 197 Cal Rptr 377; American Fam. Mut. Ins. Co. v Ryan, 330 NW2d 113 [Minn]) and given effect in at least one lower court case in this jurisdiction (Mindlin v Consolidated Taxpayers Mut. Ins. Co., 173 Misc 961).
Finally, it may be noted that there is no merit to plaintiffs passing argument that the infant, Laura Suba, is not to be regarded as an "insured” within the exclusion of defendant’s policy because she is not one against whom a claim is being made — which she asserts is a prerequisite to being an "insured”. The argument attempts to commingle two sections of the policy, attributing to one a function which is no part of that section. Concededly, the portion of the policy which describes the coverage afforded under "Coverage L — Personal Liability” refers to a claim brought against an insured. It does not however in any way purport to define an "insured”. Nowhere in the exclusion with respect to an insured, or in the incorporated definition of an "insured” is there any language limiting the term, as used there, to one against whom a claim is being brought. In this case there are in fact two insureds— the father, William Suba (the named insured on the policy), is the person against whom the underlying claim was brought, and it is that fact which provided the potential for liability on the part of the insurer under the description of coverage in the policy; moving on to the exclusion provision of the policy however, the injured child Laura is an insured for the purpose of that provision, falling as she does squarely within the definition specifically incorporated in that portion of the contract and which contains no requirement of being a person against whom a claim is being made. It is her status as an insured within this section of the policy that excludes the injury sustained by her from coverage extended to her father as the named insured.
Defendant is entitled to summary judgment dismissing *843 plaintiffs action on the ground that the liability on which the judgment recovered against the insured William Suba was based is not within the coverage of the policy issued by defendant.* Plaintiff’s motion for summary judgment is denied.

 To the extent plaintiff relies on the language of Insurance Law former § 167 (1) (now § 3420), requiring certain policy provisions for judgment creditors no less favorable than those for the insured, she can claim no rights under this language superior to that of the insured, William Suba, under the policy issued by defendant. The critical question is simply whether the policy covers the injury sustained by the injured child - whether vis-á-vis the named insured or vis-á-vis the plaintiff, who stands as a judgment creditor.