PATRICIA SUBA, as Parent and Natural Guardian of LAURA N. SUBA, an Infant, Appellant, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent.

Fourth Department, February 21, 1986

**APPEARANCES OF COUNSEL**

*Ralph W. Fusco* for appellant.

*Louis S. Petrone, P. C. (Thomas C. Kingsley* of counsel), for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

The issue we are called upon to determine is whether a homeowners insurance policy which provides personal liability coverage may lawfully exclude from coverage certain intrafamily claims for bodily injury.

Laura N. Suba, an infant under the age of 14, commenced this action through her mother to recover directly from defendant for an unsatisfied personal injury judgment in the sum of $75,000 entered against her father, who is defendant's insured under a policy of homeowners insurance, for injuries suffered in a 1982 skiing accident at a ski center operated by the City of Utica. The facts are undisputed and both parties moved for summary judgment. Plaintiff appeals from an order denying her motion for summary judgment and granting defendant's cross motion for summary judgment dismissing her complaint. Defendant's motion was granted on the ground that an intra-family exclusion in the policy issued to plaintiff's father relieves it of any duty to indemnify him for his liability to his daughter.

Plaintiff initially sued the City of Utica for her injuries. That action was tried in April 1984 and ended with a jury verdict of no cause for action. Plaintiff alleges that trial testimony revealed that her father was responsible for her injuries. Under cross-examination, he disclosed that he tightened the bindings of plaintiff's skis in such a way that the bindings failed to release when she fell. As a result of the fall, plaintiff suffered torsion twist fractures to both legs with one leg now being one inch shorter than the other.

Following the trial, plaintiff notified defendant that a claim

for damages arising from her bodily injuries would be made against her father. Defendant disclaimed coverage for the reason that the liability coverage provided to her father excluded injuries to her since she was a relative and a resident of his household. An action was then commenced against the father, who defaulted, and, after an inquest, judgment in the amount of $75,000 was entered. Plaintiff provided a copy of the judgment to defendant and thereafter commenced this action pursuant to Insurance Law § 167 (1) (b) (since recodified as § 3420 [a] [2]) to recover the amount of the judgment.

The homeowners policy issued by defendant provides two kinds of liability coverage: "Coverage L—Personal Liablity" and "Coverage M—Medical Payments to Others". The liability coverage applies "[i]f a claim is made or a suit is brought against any insured for damages because of bodily injury". However, coverage is limited by a clearly labeled exclusion which provides that

"Coverage L—Personal Liability and Coverage M—Medical Payments to Others do not apply to * * *

"g. bodily injury to you or any insured within the meaning of part (a) or (b) of the definition of insured".
Part (a) of the definition of "insured" contained in the policy provides that

" 'insured' means you and the following residents of your household:

"a. your relatives".

Plaintiff argues that the policy is ambiguous because the exclusion is subject to more than one interpretation and does not exclude coverage for plaintiff infant's injuries and that, if it does apply, the exclusion is void as against public policy and violates the requirements of Insurance Law § 3420. In a well-reasoned decision, Special Term found that the exclusion was unambiguous and applicable in this case and that it does not violate public policy (129 Misc 2d 839). Special Term's determination of these issues should be affirmed.

It is well settled that "whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" which will "be accorded a strict and narrow construction" and satisfy the burden of establishing that the exclusion is "subject to no other reasonable interpretation" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311).

Contrary to plaintiff's arguments, which distort the meaning of the policy, the exclusion is clear and unambiguous and plainly applies in this case. The exclusion is applicable to both coverages L and M and excludes coverage for bodily injury to any insured as defined in the policy. The purpose of the exclusion is to limit coverage for intrafamily torts when the parties are residents of the same household; this it does simply and unmistakably. Moreover, as defendant points out, this same exclusion has been tested in other courts and found to be clear and without ambiguity *(see, e.g., State Farm Gen. Ins. Co. v Emerson,* 102 Wn 2d 477, 687 P2d 1139; *State Farm Fire & Cas. Co. v Alstadt,* 113 Cal App 3d 33, 169 Cal Rptr 593).

Plaintiff's principal arguments, that the exclusion is prohibited by the Insurance Law or is void as against public policy, cannot withstand analysis. In the first place, the statutory argument is based on a misinterpretation of Insurance Law § 3420. According to plaintiff, the requirements of section 3420 (a), which provides that "[n]o policy or contract insuring against liability for injury to person, except as stated in subsection (g) hereof * * * shall be issued * * * unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured", prohibit an insurer from excluding coverage for intrafamily tort liability except to the extent that section 3420 (g) *allows* the insurer to exclude liability to the insured's spouse.

If Insurance Law § 3420 (g) merely "authorized" insurers to exclude interspousal liability plaintiff's argument might be persuasive. Then the specific action of the Legislature in only granting permissive authority to exclude interspousal liability could by negative implication be construed to prohibit the exclusion of other intrafamily liability. In fact, however, subdivision (g) does not authorize a permissive exclusion; it actually reverses the usual rule that exclusions must be clearly stated in the policy and substitutes a statutory presumption that interspousal liability is excluded from coverage unless an "express provision relating specifically thereto is included in the policy." (Insurance Law § 3420 [g]; *see, Schwartz v Lipkin & Son,* 76 AD2d 141, 144.) In this context, the Court of Appeals statement in *Yankelevitz v Royal Globe Ins. Co.* (59 NY2d 928), cited by plaintiff, that "the determination of the Legislature to apply this exclusion only to spouses is not violative of equal protection" (p 930) does not support plaintiff's argument that this is the *only* exclusion permitted;

rather, it merely reflects the fact that this is the only exclusion "deemed included as a policy provision" (p 930). Contrary to plaintiff's argument that Insurance Law § 3420 (g) must be construed to "allow" only an interspousal exclusion, the statute cannot be said to do more than create a presumption that such exclusion does exist in that one instance; it does not prohibit other exclusions. It has been held that insurers against liability for death or injury sustained as a result of negligence in the operation or use of a motor vehicle, aircraft or vessel have no right to exclude coverage for parent-child liability under Insurance Law § 3420 (e) since the casualty insurance is mandated by law *(see, Allstate Ins. Co. v Anzalone,* 119 Misc 2d 222). This rationale, however, has no application to insurers issuing homeowners policies since there is no statutory requirement for such insurance and no prohibition against such insurers limiting their contractual liability *(see,* 29 NY Jur, Insurance, § 510).

Plaintiff also contends that the exclusion violates public policy because the Court of Appeals in *Gelbman v Gelbman* (23 NY2d 434) removed the court-imposed rule of parental tort immunity largely because of the presence of insurance (p 438). However, "[a] decision by a court that there can be liability for a tort action cannot be construed as a holding that public policy requires the responsible party to be covered by insurance or that an insurance company cannot exclude liability for that particular action" *(Foley v Foley,* 173 NJ Super 256, 258-259, 414 A2d 34, 35). "[T]he family exclusion clause does not reinstate the common law immunity but rather excludes insurance proceeds as a source of recovery when the insured has purchased a policy with such an exclusion" *(State Farm Gen. Ins. Co. v Emerson,* 102 Wn 2d 477, 482-483, 687 P2d 1139, 1143, *supra).*

Accordingly, the order should be affirmed.

DOERR, J. P., DENMAN, GREEN and O'DONNELL, JJ., concur.

Order unanimously affirmed, without costs.