JOHATHAN HAHN[1] vs. BERKSHIRE MUTUAL INSURANCE CO. & another.[2]

No. 89-P-4.

Plymouth. November 16, 1989. - December 28, 1989.

Present: BROWN, KAPLAN, & PERRETTA, JJ.

*Insurance*, Homeowners' insurance, Household exclusion, Construction of policy. *Contract*, Insurance.

An insurer was not bound under the terms of a homeowner's insurance policy issued to the parents of two sons to defend a bodily injury action by one son, a minor residing with his parents, against the second son, nor was the insurer bound to give indemnity in case of a judgment against the second son, where a provision in the policy purported to exclude recovery by a "relative" resident with the insured and where, absent a statute controlling the situation, there was no public policy forbidding the instant exclusion in homeowner's insurance, an elective form of protection. [182-185]

CIVIL ACTION commenced in the Superior Court Department on July 30, 1987.

Motions for summary judgment were heard by *Elbert Tuttle*, J.

*William Guy Ferris* for the plaintiff.

*Mary Moran Perry* for Berkshire Mutual Insurance Co.

KAPLAN, J. It is accepted for purposes of this appeal that Brian Hahn negligently threw a ball of plaster at his brother, Jonathan Hahn, a minor, and thereby did serious damage to Jonathan's eye. Jonathan (by his father as next friend) commenced the present action against Brian, and joined Berkshire Mutual Insurance Co. (Berkshire) as a party defendant. Berkshire had issued a "homeowners" policy to the father and mother of Jonathan and Brian. Jonathan sought a

---

[1] By Richard Hahn, his father, as next friend.
[2] Brian Hahn.

declaration that Berkshire was bound under the policy to take up the defense of the action against Brian and to give indemnity in case of a judgment against Brian.

Jonathan moved for summary judgment on his claim against Berkshire. A judge of the Superior Court denied that motion and allowed a summary judgment in Berkshire's favor declaring that Berkshire was not obligated as claimed and dismissing it from the action. Jonathan appeals pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).[3]

The judge and the parties assumed for purposes of the motion — as do the parties and this court on the appeal — that on the facts stated there is no intrafamily immunity that protects Brian against his brother Jonathan's negligence claim. The assumption is very likely correct.[4] The judge's ruling rested on exclusionary provisions of the homeowners policy. Paragraph 3 of the "Definitions" section defines the term "insured" to mean: "you [policy holders] and the following residents of your household: a. your relatives . . . ." Then comes paragraph 2(f) of the "Section 2 Exclusions" which states: "Coverage E — Personal Liability, does not apply to: . . . f. bodily injury to you and any insured within the meaning of part a. . . . of Definition 3 'insured.' " Jonathan was a "relative" resident with his father and mother at the same address.

Jonathan has contended that if he can hold Brian liable for negligence, then the policy exclusion, as applied, should be held void as against public policy.

Jonathan might be emboldened to make the argument by such a case as *Cardin* v. *Royal Ins. Co. of America*, 394 Mass. 450 (1985), where the court refused enforcement of a

---

[3]Originally the father, in his own right, and the mother appeared in the action as plaintiffs together with Jonathan. Father and mother asserted rights of "parental or familial society" against Brian. All three plaintiffs claimed that Berkshire was obligated to defend and indemnify, and moved for partial summary judgment in the form of a declaration. When the judge allowed a summary judgment in favor of Berkshire, only Jonathan appealed. Hence the abbreviated statement in our text above of how the case stands here.

[4]See Restatement (Second) of Torts § 895H (1979), denying an immunity as between siblings.

"regular use exclusion" from the uninsured motorist coverage of an automobile liability policy. But that was based on the proposition that the exclusion was "contrary to the language and policy of G. L. c. 175, § 113L," a controlling statute (394 Mass. at 452). See also *Cody* v. *Connecticut Life Ins. Co.*, 387 Mass. 142, 148 (1982). In the present case there is no statute, and hence no public policy deriving from statute, which forbids the instant exclusion in homeowners insurance, an elective form of protection.[5]

Again, it is suggested that if there is no tort immunity as between siblings, then homeowners insurance must not exclude the risk. This looks like a perverse inference from some local history. In *Sorensen* v. *Sorensen*, 369 Mass. 350 (1975), intrafamily immunity was abrogated in respect to a suit for motor vehicle tort by a child against her parent, but only "to the extent of the parent's automobile liability insurance coverage" (369 Mass. at 353). In all likelihood, that limitation would no longer be recognized as the law of the Commonwealth, see *Lewis* v. *Lewis*, 370 Mass. 619, 630 n.4 (1976); Quirico, J., concurring, in *Pevoski* v. *Pevoski*, 371 Mass. 358, 362 (1976); *New Hampshire Ins. Co.* v. *Fahey*, 385 Mass. 137, 138 (1982); *Stamboulis* v. *Stamboulis*, 401 Mass. 762, 763 n.4 (1988), but Jonathan seems to reason from the limitation to the broad and quite illogical conclusion that insurers must provide protection, so that there may actually be a source of funds to respond to the tort claims unshielded by immunity. A like argument, intended to nullify a similar exclusion in a homeowners policy, was answered thus in *Suba* v. *State Farm Fire & Cas. Co.*, 114 A.D. 2d 280, 284 (N.Y. 1986) (child against parent):

> "Plaintiff also contends that the exclusion violates public policy because the Court of Appeals in *Gelbman* v. *Gelbman* [,23 N.Y.2d 434 (1969),] removed the court-imposed rule of parental tort immunity largely because of the presence of insurance. [*Id.* at 438.] However, '[a] decision by a court that there can be liability

---

[5]Jonathan cites G. L. c. 175, § 47, Sixth, but this is plainly irrelevant.

for a tort action cannot be construed as a holding that public policy requires the responsible party to be covered by insurance or that an insurance company cannot exclude liability for that particular action.' [*Foley* v. *Foley*, 173 NJ Super 256, 258-259 (1980).] '[T]he family exclusion clause does not reinstate the common law immunity but rather excludes insurance proceeds as a source of recovery when the insured has purchased a policy with such an exclusion.' [*State Farm Gen. Ins. Co.* v. *Emerson*, 102 Wash. 2d 477, 482-483 (1984).]"

Jonathan cites *State Farm Mutual Auto. Ins. Co.* v. *Wolfe*, 638 F. Supp. 1247 (D. Haw. 1986). This decision struck down an attempted "household" exclusion from compulsory motor vehicle coverage, but the exclusion was forbidden by the Hawaiian statute. Also cited is the case of *Allstate Ins. Co.* v. *Anzalone*, 119 Misc. 2d 222 (N.Y. Sup. Ct. 1983), involving a "recreational vehicle package policy" and a "deluxe homeowners policy," where similar exclusions were disallowed, but on the particular ground that a New York statute regarding accidents connected with "vessels" was controlling against these clauses. The *Suba* case, *supra*, distinguishes *Anzalone* and shows how a New York court will validate a household exclusion from homeowners insurance where no statute forbids. Jonathan refers to *Mutual of Enumclaw Ins. Co.* v. *Wiscomb*, 25 Wash. App. 841 (1980), aff'd, 95 Wash. 2d 373 (1980), reconsidered and aff'd, 97 Wash. 2d 203 (1982) (wife against husband). Again a household exclusion fell before a statute, here Washington's motor vehicle financial responsibility law.[6] But later, in the specific context of a homeowners policy with a household exclusion, the Washington court distinguished the *Enumclaw* case and upheld the clause: there was no relevant statute or derivative public policy. *State Farm General Ins. Co.* v. *Emerson*, 102 Wash. 2d 477 (1984) (wife and son against husband). See also *State Farm Fire & Cas. Co.* v. *Clendening*, 150 Cal.

---

[6]In fact, the *Wiscomb* case has been considerably undercut by *Progressive Cas. Ins. Co.* v. *Jester*, 102 Wash. 2d 78 (1984).

App. 3d 40 (1983); *American Family Mut. Ins. Co. v. Ryan,* 330 N.W. 2d. 113 (Minn. 1983).

It may be that there is nothing to the possible apprehension of insurers about the scope and profusion of intrafamily claims or the difficulties they would experience in defending against them, and that, in an enlightened view, homeowners policies ought to be shorn of the household exclusion, or customers should be provided with a clear choice between that kind of contract and one that carries the exclusion. What would in fact be the added exposure, were the exclusion to be scuttled, and with what practical effect on the premiums charged?[7] We do not know and cannot estimate. These questions and others call for access to information and for specialized expertness that belong to the Commissioner of Insurance, who has authority to approve forms of policy (we are told that he approved the form used in the present case). We are persuaded in the present circumstances that a court should not proceed to act on a supposed public policy not announced by the Legislature, nor self obviously compelling.

*Judgment affirmed.*

---

[7]Of course, as shown by the *Cardin* case, *supra*, an approved form cannot survive if it is inconsistent with statute.