COMMONWEALTH *vs.* ALBERT PUGH. December 17, 1974. The defendant appeals a conviction of rape under G. L. c. 278, §§ 33A-33G. At the jury-waived trial the victim testified that she was baby sitting when the defendant came into the house. He went upstairs where she heard him rummaging in some drawers, and when he came down he raped her. She identified him at the police station from photographs, and he was arrested the next day. The woman who had hired the baby sitter and who was acquainted with the defendant, whom she encountered that evening at a night club, testified that, when she later arrived home, she found that her boyfriend's watch was missing. In response to a question whether there was "some conversation [that evening] with Pugh or anybody there in his presence concerning a watch," she testified to a statement made by a third person which indicated that the defendant had been in possession of her boyfriend's watch. We assume the validity of the defendant's contention that this was hearsay (the Commonwealth does not argue that it was a tacit admission), inadmissible to show that the watch, missing from the witness' house, had been in the defendant's possession — the purpose for which it was apparently admitted. However, there was testimony — and by the same witness

— that in another conversation with the defendant he said to her, "I got the watch, but I didn't touch the girl." Thus the testimony to which the defendant objects was merely cumulative; such error as there might have been was harmless. *Commonwealth* v. *Stirling,* 351 Mass. 68, 72-73 (1966), citing *Commonwealth* v. *Palladino,* 346 Mass. 720, 725 (1964). The defendant also attacks the admission in evidence of the details of the victim's statement constituting fresh complaint — although the exceptions taken seem to have been on other grounds. In any event, as the defendant concedes, the Supreme Judicial Court has followed the rule that "[n]ot only evidence of the complaint is admissible but her whole statement including the details." *Commonwealth* v. *Hanger,* 357 Mass. 464, 466 (1970). An argument that the rule be changed is more appropriately addressed to that court. We do not consider the appeal from the conviction on the indictment charging an indecent assault and battery on a child under the age of fourteen, since that indictment was placed on file. *Commonwealth* v. *Costa, ante,* 854, 856 (1974).

*Judgment affirmed.*

*William A. Nelson* for the defendant.
*John T. McDonough,* Special Assistant District Attorney, for the Commonwealth.