HAMPSHIRE NATIONAL BANK OF SOUTH HADLEY *vs*.
WILLIAM C. CALKINS & others.

Hampshire.    December 11, 1975. — December 31, 1975.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Mortgage,* Of real estate: validity, priority.

A recorded mortgage on "all of [the debtor's] land situated in Hampshire County Massachusetts" in order "to secure the payment of One Dollar ($1.00) and other good and valuable consideration, payable as provided in a note of even date" identified with sufficient certainty the amount of the mortgage debt and the property subject to the mortgage to be given its intended legal effect. [697-699]

BILL IN EQUITY filed in the Superior Court on May 10, 1972.

The suit was heard by *Tisdale,* J.

*Philip J. Hendel* for J. G. Roy Lumber Co.

ARMSTRONG, J.    The plaintiff, as first mortgagee of certain real property of Calkins and his wife, sold that property under the statutory power of sale (G. L. c. 183, § 21), paid to itself the amount of the secured indebtedness, and sought by this bill of interpleader to have the disposition of the surplus fund ($3,513.84) determined by the court. The issue in this appeal concerns only a question of priority between two claimants in the balance after payment from the surplus of various sums amounting in the aggregate to $876.85, plus the plaintiff's court costs.

The claimant Elder Jones Lumber Corporation (Jones) holds a mortgage recorded on March 3, 1970, on "all of our [i.e., the debtors'] land situated within Hampshire County Massachusetts," in order "to secure the payment of One Dollar ($1.00) and other good and valuable consideration, payable as provided in a note of even date." The note referred to was in the amount of $2,076.98. The other claim-

ant, J. G. Roy Lumber Company (Roy), recovered a judgment for $8,035.85 against the debtors on May 14, 1971. It then levied on an execution against the real property in question and filed the execution in the Registry of Deeds on June 2, 1971. Although Jones was prior in time of recording, Roy contends that Jones' mortgage was defective, in that it failed to identify with sufficient certainty the amount of the mortgage debt and the property subject to the mortgage.

The trial judge correctly ruled that Jones was entitled to the full payment of its secured indebtedness from the fund before any payment therefrom to Roy. In *Henshaw* v. *Sumner*, 23 Pick. 446 (1840), a recorded mortgage, which identified the secured indebtedness only as the amounts owed by the mortgagor to the mortgagees, was held to be sufficiently certain in describing the secured indebtedness to be given its intended legal effect. The test was stated to be that "the debts and liabilities should be 'described with sufficient certainty to enable subsequent creditors or purchasers to ascertain, either from the condition of the deed, or by inquiry *aliunde*, the extent of the incumbrance . . ..' In Massachusetts, a liberal rule has always . . . prevailed on this subject. . . . There must be a sufficient general description to embrace the demands and liabilities intended to be secured, and to put the person examining the records upon inquiry, and to direct him to the proper source for more minute and particular information of the amount of the incumbrance." 23 Pick., at 453-454. As was said in *In re Pilot Radio & Tube Corp.* 72 F. 2d 316, 320 (1st Cir. 1934), "It has never been considered necessary in Massachusetts to record fully the terms of promissory notes . . . [secured by mortgages]." See also *Hall* v. *Tay*, 131 Mass. 192, 194 (1881), and *Shay* v. *Gagne*, 275 Mass. 386, 393 (1931).

Similarly, the generality of the description of the real property embraced in the mortgage was not grounds for treating the mortgage as ineffective. Although such a description may expose the mortgagee to a risk of subordination to rights granted in prior unrecorded instruments (see

*Adams* v. *Cuddy,* 13 Pick. 460 [1833]; *Fitzgerald* v. *Libby,* 142 Mass. 235, 238-239 [1886]), we have been directed to no Massachusetts case, and have found none, which questions the validity of a mortgage deed containing such a description.

We are urged, however, to follow certain precedents from other states which establish practices at variance with our own. This we decline to do, not because of any considered determination that our own precedents are preferable to those we are urged to adopt, but because of our often stated conviction that a sharp departure from settled practice is not an appropriate function of an intermediate appellate court. *Gerber* v. *Worcester,* 1 Mass. App. Ct. 811 (1973). *Burke* v. *Toothaker,* 1 Mass. App. Ct. 234, 239 (1973). *McCoy, petitioner,* 2 Mass. App. Ct. 893 (1974). *Commonwealth* v. *Pugh,* 2 Mass. App. Ct. 903 (1974). *Luca* v. *Massachusetts Bay Transp. Authy., post* 718 (1975).

*Final decree affirmed.*