RAYMOND W. J. CAMPBELL & another[1] *vs.* THE FIRST
NATIONAL BANK OF AMHERST & another.[2]

Hampshire.   December 6, 1979. — January 10, 1980.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, LIACOS, & ABRAMS, JJ.

*Mortgage,* Of real estate: priority.

A recorded mortgage deed purporting to relate to "[a]ll right, title and in-
terest in and to the land owned by the mortgagor located in Hamp-
shire County" was not subordinated to a subsequent mortgage by vir-
tue of G. L. c. 183, § 6A.   [512-514]

CIVIL ACTION commenced in the Hampshire Division of
the Probate and Family Court Department on February 5,
1979.

The case was heard by *Nuciforo,* J., on a motion for sum-
mary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Paul T. Ford* for the plaintiffs.

*Stephen B. Monsein* for The First National Bank of Am-
herst.

WILKINS, J.   In April, 1976, the Wendell Development
Corporation (Wendell) obtained a loan from the plaintiffs
and gave them a mortgage on an unregistered parcel of land
in Amherst.   At that time, there was on record a mortgage
deed from Wendell to the defendant bank purporting to re-
late to "[a]ll right, title and interest in and to the land
owned by [Wendell] located in Hampshire County."   In
this proceeding the plaintiffs seek a determination that the
mortgage to the bank is subordinate to their mortgage.   They

---

[1] Lillian I. Campbell.

[2] Wendell Development Corporation.

argue that the general description in the mortgage deed to the bank prevents it from being effective, at least as to them. The bank filed a motion for summary judgment which was allowed, and judgment was entered for the bank. We granted the plaintiffs' application for direct appellate review. We agree with the judge's conclusions, but, because the plaintiffs seek a declaration of rights in this proceeding, we order the entry of judgment that the plaintiffs' mortgage does not have priority over the bank's.

It is agreed that Wendell acquired the subject parcel in 1974 by deed and immediately gave a mortgage to a savings bank. The deed and the mortgage were recorded. Wendell's subsequent mortgage deeds, first to the bank and then to the plaintiffs, were recorded in 1976.

The plaintiffs argue that the mortgage to the bank fails to comply with G. L. c. 183, § 6A, as appearing in St. 1970, c. 222, which is set forth in full in the margin.[3] We shall assume, without deciding, that a mortgage deed, including a second mortgage, conveys land within the meaning of § 6A. There is no suggestion in § 6A, however, that, if an instrument is accepted for recording in violation of the provisions of § 6A, any adverse consequences must follow. Indeed, § 6A indicates that failure to comply with its terms "shall not affect the validity of any instrument." In any event, § 6A is inapplicable to any instrument that states that it "does not create any new boundaries." Although that explicit statement does not appear in the bank's mortgage deed, the fact that the mortgage deed created no new

---

[3] "No instrument conveying unregistered land shall be accepted for recording unless (*a*) the instrument indicates that the land conveyed is the same as described in or conveyed by prior recorded instruments identified sufficiently to locate the place of recording within the registry, or states that the instrument does not create any new boundaries, or (*b*) the instrument identifies the land conveyed either by reference to a plan or plans previously recorded in the same registry of deeds and identified sufficiently to locate the place of recording therein, or by reference to a plan or plans recorded with the conveyance. Failure to comply with this section shall not affect the validity of any instrument."

boundaries is obvious from its terms.  Section 6A does not aid the plaintiffs.

Apart from considerations of § 6A, there is no basis for subordinating the bank's mortgage as to land owned by Wendell pursuant to a deed of which the plaintiffs had constructive notice because it was recorded prior to the recording of the bank's mortgage.  See *Hampshire Nat'l Bank* v. *Calkins*, 3 Mass. App. Ct. 697, 698-699 (1975), where the mortgage description ("all of our . . . land situated within Hampshire County") was substantially the same as that involved in this case.

Judgment shall be entered declaring the rights of the parties in accordance with this opinion.

*So ordered.*