SHIRLEY BROWN vs. WILLIAM P. BROWN.

Middlesex. April 10, 1980. — July 30, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Husband and Wife. Actionable Tort. Public Policy.*

The common law rule of interspousal immunity did not bar an action for personal injuries arising out of a fall by the plaintiff wife on property owned by her and the defendant, her husband, as tenants by the entirety. [232-233]

CIVIL ACTION commenced in the Superior Court Department on March 14, 1979.

The case was heard by *Hayer*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Charles E. Blumsack* for the plaintiff.

*Anil Madan* (*Rosann C. Madan* with him) for the defendant.

BRAUCHER, J. In *Lewis* v. *Lewis*, 370 Mass. 619, 629-630 (1976), we held that "the common law rule of interspousal immunity" did not bar an action by one spouse against another for personal injuries arising out of a motor vehicle accident. We are now asked to extend that holding to a claim not arising out of a motor vehicle accident, and we do so. As in the *Lewis* case, "we are mindful that the rights and privileges of husbands and wives with respect to one another are not unaffected by the marriage they have voluntarily undertaken together. Conduct, tortious between two strangers, may not be tortious between spouses because of the mutual concessions implied in the marital relationship." But denial of liability on such grounds does not rest on interspousal immunity. See Restatement (Second) of Torts § 895F and Comment h (1979).

The action does not arise out of a motor vehicle accident but out of a fall by the plaintiff wife on property owned by

her and the defendant, her husband, as tenants by the entirety. A judge of the Superior Court allowed the defendant's motion for summary judgment on the sole ground of interspousal immunity, citing *Lewis* v. *Lewis*, 370 Mass. 619, 630 (1976) ("For this reason we limit our holding today to claims arising out of motor vehicle accidents"), and *Pevoski* v. *Pevoski*, 371 Mass. 358 (1976). The plaintiff appealed, and we allowed her application for direct appellate review.

Our opinion in the *Lewis* case adequately describes the "antediluvian assumptions" that supported the common law rule of interspousal immunity, the trend toward judicial abrogation, the criticisms of commentators, and the unpersuasive character of the reasons of modern public policy sometimes advanced in support of the rule. The trend toward abrogation has continued. *Shook* v. *Crabb*, 281 N.W.2d 616 (Iowa 1979). *MacDonald* v. *MacDonald*, 412 A.2d 71 (Me. 1980). *Imig* v. *March*, 203 Neb. 537 (1979). *Merenoff* v. *Merenoff*, 76 N.J. 535 (1978). *Digby* v. *Digby*, R.I.      (1978).[a] *Coffindaffer* v. *Coffindaffer*, W. Va.      (1978).[b] See Annot., 92 A.L.R.3d 901 (1979). Contra, *Alfree* v. *Alfree*, 410 A.2d 161 (Del. 1979); *Raisen* v. *Raisen*, 379 So.2d 352 (Fla. 1979).

Most of the cases abrogating the immunity for negligence have involved motor vehicle accidents. But the reasons for abrogation are not limited to such cases, and immunity has been denied in other types of cases. See, e.g., *Klein* v. *Klein*, 58 Cal. 2d 692 (1962) (slippery deck of pleasure boat). In *Merenoff* v. *Merenoff*, 76 N.J. 535 (1978), the court confronted substantially the same issue we now face. In a prior case, *Immer* v. *Risko*, 56 N.J. 482 (1970), the court had "lifted the bar to interspousal tort actions but, as noted, only high enough to allow automobile negligence actions." 76 N.J. at 545. Deciding two consolidated cases involving negligence in domestic or household accidents, the *Merenoff* opinion comprehensively reviewed the entire subject and held that there was no immunity. In one case it was alleged

[a] 388 A.2d 1 (R.I. 1978).

[b] 244 S.E.2d 338 (W. Va. 1978).

that the husband had carelessly amputated part of his wife's finger with a hedge clipper; in the other, that a different husband had used flammable glue too close to a gas stove, setting his wife aflame.

In the present case it is claimed that the husband was in control of the premises and responsible for sanding, salting or shoveling after a snowstorm, that his failure to do so caused the wife to fall, and that she suffered fractures and incurred medical expenses in excess of $2,500. The observations of the court in the *Merenoff* case are pertinent: "we recognize that there still remain situations wherein, as a matter of law or fact, claims for personal injuries between married persons will not justify a recovery of damages. We hold that, subject to these excepted areas which are best left to be defined and developed on a case-by-case basis, there presently exists no cogent or logical reason why the doctrine of interspousal tort immunity should be continued and it is hereby abrogated as a bar to a civil suit between married persons for damages for personal injuries." 76 N.J. at 557. The court went on to point out that the asserted tortious behavior in the cases before it did "not trench remotely upon the privileged or consensual aspects of married life." *Id.* at 558. Whether the same may be said of the case before us depends on facts not yet established.

The order granting the defendant's motion for summary judgment is reversed, the judgment is vacated, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*