NEW HAMPSHIRE INSURANCE COMPANY vs. WILLIAM D. FAHEY.

Middlesex.  October 9, 1981. — January 21, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Negligence*, Of child. *Parent and Child*, Immunity in tort actions. *Insurance*, Motor vehicle liability insurance, Subrogation.

In an action brought pursuant to a subrogation clause in an insurance policy by the insurer against the insured's sixteen year old son, who negligently caused damage to his father's motor vehicle while operating that vehicle without authority and without any liability insurance of his own applicable to the accident, the insurer, as subrogee, was entitled to judgment against the son for the amount of the loss it paid to the insured.  [138-139]

CIVIL ACTION commenced in the Third Eastern Middlesex Division of the District Court Department on November 7, 1978.

The case was heard by *Sherman*, J., on motion for summary judgment.

*Jean A. Nicolazzo* for the plaintiff.

*Frank T. Wojcik* for the defendant.

WILKINS, J.  On April 13, 1978, at the age of sixteen, the defendant, while operating his father's motor vehicle without authority, negligently caused damage to that vehicle. The vehicle was insured by the plaintiff (insurer), and the insurer paid the father the amount of the damage, less a $200 deductible.  Because the son was using the vehicle without authority, he was not an "insured" under his father's policy.  The son had no liability insurance coverage applicable to the damage to the motor vehicle. The insurer brought this action against the son to recover the amount of the loss it paid to the defendant's father.  The insurance policy contained a subrogation clause.  We conclude that the insurer, as subrogee, is entitled to judgment against the defendant son for the amount of the loss it paid.

The action was commenced in the Third District Court of Eastern Middlesex and decided in favor of the defendant on a motion for summary judgment, accompanied by a stipulation of facts. On report to the Appellate Division of the District Courts, the defendant again prevailed. In its opinion, the Appellate Division concluded that it was bound by this court's decision in *Sorensen* v. *Sorensen*, 369 Mass. 350, 352-353 (1975), which abrogated parental immunity in motor vehicle accidents "to the extent of the parent's automobile liability insurance coverage."

The Appellate Division noted that the holding in the *Sorensen* case, that parental immunity was abrogated only to the extent of the insurance coverage, had been seriously questioned. In *Lewis* v. *Lewis*, 370 Mass. 619, 630 n.4 (1976), which concerned interspousal immunity, this court followed the logic of the reasoning in the *Sorensen* case, but not its holding, and declined to limit liability in interspousal tort actions to cases where insurance coverage was available. Subsequently, one Justice of this court expressly disavowed the availability of insurance as an essential element for recovery where a child brings a motor vehicle tort action against his or her parent. *Pevoski* v. *Pevoski*, 371 Mass. 358, 362-363 (1976) (Quirico, J., concurring). Although, as will be seen, we need not answer the question whether the availability of insurance is essential to recovery in a motor vehicle tort personal injury action between parent and child, these recent opinions suggest that the availability of insurance may indeed be irrelevant.

Here, we are concerned with a tort claim for damage to a motor vehicle and not one for personal injuries. The two pre-*Sorensen* opinions of this court establishing immunity in actions between parent and child were carefully limited to their facts and involved claims for negligently caused personal injury. *Oliveria* v. *Oliveria*, 305 Mass. 297, 300 (1940) (parent v. minor child). *Luster* v. *Luster*, 299 Mass. 480, 484 (1938) (minor child v. father). Intrafamily immunity has never been recognized in contract disputes or in disputes concerning property. *Sorensen* v. *Sorensen*, *supra* at 353. See 1 F. Harper & F. James, Torts § 8.11, at 647-648 (1956); W. Prosser, Torts § 122, at 865 (4th ed. 1971). Nor

has there been intrafamily immunity for tort actions based on negligent damage to property. 1 F. Harper & F. James, *supra* at 647-648; W. Prosser, *supra* at 866; Restatement (Second) of Torts § 895G, Comment d (1979). With the doubtful logic of intrafamily immunity in motor vehicle personal injury actions already noted by this court, we decline to create a new common law principle of intrafamily immunity in motor vehicle tort actions arising from negligent damage to a motor vehicle.

The defendant argues for the first time here that subrogation should be denied because the defendant son was entitled to the insurance protection purchased by his father. That argument is foreclosed by the stipulation that the son had no liability insurance coverage applicable to the accident.

We acknowledge that the defendant's father may feel obliged in a moral sense to satisfy the judgment obtained against his son. Motor vehicle liability insurance policyholders may reasonably expect that members of their households are covered, at least for damage to the family car, even when that car was used without authority. To insureds such as the defendant's father, insurance coverage has a hollow quality because, assuming solvency, the family unit collectively obtains no benefit from it. But it has long been part of the motor vehicle insurance law of this Commonwealth that insurance coverage is available only if a motor vehicle is used with the owner's express or implied consent. See G. L. c. 90, § 34A, defining "motor vehicle liability policy," first inserted by St. 1925, c. 346, § 2, using the words "express or implied consent." If any change is to be made in what may be a harsh rule in some instances, it should be a legislative one. Until any change is made, insurers are entitled to enjoy the benefits, as well as to suffer the burdens, of the absence of intrafamily immunity in motor vehicle property damage tort actions.

The order of the Appellate Division dismissing the report is reversed. Judgment shall be entered for the plaintiff in the District Court.

*So ordered.*