Dissenting Opinion
Merrick, J.
I dissent from the majority’s announcement of a new cause of action which the Supreme Judicial Court has expressly declined to recognize. The decision of the trial judge should be reversed.
1. It is true that the Court in Sorenson v. Sorenson, 369 Mass. 350 (1975) permitted actions in tort by unemancipated children against their parents in cases where the parent was covered by liability insurance, reasoning that:
Abrogation of the parental immunity doctrine in cases such as the instant one [where insurance is available] is not likely to encourage numerous investigative intrusions by outsiders into the family privacy or *128 to turn the family into a legal battleground. People living together in conditions of mutual love and respect are not likely to initiate suit against one another. [Citation omitted]. There is something finer and deeper than artificial legal compulsions that makes the family relationship as strong and causes it to be as zealously maintained by some as in the ancient age.’ [Citation omitted]. When an action is brought against a parent, frequently it will be brought at the instance of, or with the approval of, the parent with an eye toward recovery from the parent’s already purchased liability insurance. When there is no insurance coverage, it is unlikely that suit will be brought against the parent.
Id. at 360-361.
Upon reflection, the Court abandoned that benign view of collusive lawsuits, acknowledging that consideration of the existence of insurance, at least so brazenly stated, has no place in a well-ordered and reasoned body of law. Stamboulis v. Stamboulis, 401 Mass. 762, 763 n. 4 (1988) (“This distinction is not logical, and it may not survive.”), citing New Hampshire Ins. Co. v. Fahey, 385 Mass. 137, 138 (1982); Pevoski v. Pevoski, 371 Mass. 358, 362-363 (1976) (Quirico, J., concurring); and Lewis v. Lewis, 370 Mass. 619, 630 n. 4 (1976). The Stamboulis Court discarded Sorenson’s premise that insurance would prevent further injury to the fabric of the family, but retained its conclusion of abrogation of parental immunity, expanding parents’ exposure to suites for all existing causes of action for negligence. Thus, under present law, a child may sue a parent for any reason that he could bring suit against anyone else; e.g., negligent operation of a motor vehicle or negligent maintenance of a residence or workplace.
The Supreme Judicial Court in Stamboulis, however, expressly disclaimed any intention to create a cause of action by children for negligent parental supervision. Stamboulis, supra at 763 n. 3, as noted by Chief Justice Liacos, dissenting in Ankiewicz v. Kinder, 408 Mass. 792, 801 (1990). No such cause of action having been recognized by the Supreme Judicial Court, it is inappropriate for an intermediate appellate court “to alter established rules governing principles of substantive liability.” Burke v. Toothaker, 1 Mass. App. Ct. 234, 239 (1973). See Hampshire Nat'l Bank of S. Hadley v. Calkins, 3 Mass. App. Ct. 697, 699 (1975) (“[A] sharp departure from settled practice is not an appropriate function of an intermediate appellate court.”), citing Gerber v. Worcester, 1 Mass. App. Ct. 811 (1973); McCoy, Petitioner, 2 Mass. App. Ct. 893 (1974); and Commonwealth v. Pugh, 2 Mass. App. Ct. 903 (1974).
2. Ironically, the rule pronounced today by my learned colleagues will not increase compensation to injured children from third-party sources, but will very likely have the opposite effect. The only coverage which might be expected to respond to the typical negligent parental supervision is a homeowner’s policy. Insurers being less sanguine than the courts about their ability to deal effectively with collusive claims in these circumstances, homeowners’ policies exclude coverage for claims brought by household members. Hahn v. Berkshire Mut. Ins. Co., 28 Mass. App. Ct. 181 (1989).
While recognition of this new right of action will not provide access to liability insurance coverage, it will, as Chief Justice Liacos observed, provide “a powerful disincentive” to parents from bringing actions on behalf of children against culpable third parties in situations where the third party might implead the uninsured parents for contribution. Ankiewicz v. Kinder, supra at 800 (Liacos, C.J., dissenting).
3. In the absence of the balm of insurance proceeds, we would be left then with the kinds of suits which do foster bitter family discord, diverting funds, for example, from Sister’s tuition to pay a lump sum to Brother for his pain and suffering. In *129 an already dysfunctional family, which might be expected to be the sort engaged in such a suit, potential causes of action would not be limited to injuries arising out of playing in the street.
Once an actionable duty, owed by a parent to a child, to use reasonable care in supervision is created, the range of possible actions would be subject only to the limits of a lawyer’s imagination. Educational choice, curfews, bedtimes and television access could all be the subjects of litigation. The standard pronounced by the majority would do nothing to limit that range.
In the present case, a child playing on the sidewalk with an older sibling and some other children darted into the street and was struck by a car. Assuming the majority’s rule, the case presents numerous questions. At what age may a child play on a sidewalk with an older sibling? How old should the sibling be? Is the maturity level of both a factor? May children in the city play on sidewalks if they do not have the space available to their suburban peers? Such judgments are far better left to the parents than to the courts.
It is not enough to say that a sensible judge or jury would give short shrift to frivolous actions. Adverse judgments are not the only unpleasant consequence of lawsuits. Much loss of time and money is involved even when a favorable result is obtained. Pressure for defendants to settle even frivolous actions is often applied in the name of “case management.” And, of course, an impaired family is damaged further still.
Provisions exist for the protection of children from serious neglect by parents. Criminal charges are available in the gravest cases. In other cases of serious neglect, the state may intervene to protect children. See, generally, G.L.C. 119. In the absence of neglect warranting state involvement, matters of supervision should be the province and responsibility of parents, not the courts. The trial court’s judgment should be reversed.