Kottmyer, Diane M., J.

INTRODUCTION

The minor plaintiff, Daniel Grandmaison (the “Plaintiff), by his next friend,[2] filed this action alleging that, on or about October 9, 2002, he sustained personal injuries while on an amusement ride known as the ’’Grand Prix" or the “Fitzer” (the “Ride”) at the Topsfield Fairgrounds (the “Fairgrounds”). He asserts claims for negligence against defendants Essex Agricultural Society (“Essex”), the owner of the Fairgrounds, and Fiesta Shows, Inc. (“Fiesta”), the owner/operator of the Ride, as well as claims for breach of warranly and violation of G.L.c. 93A against Fiesta.
On November 4, 2005, defendants Fiesta and Essex answered the Complaint and filed a Third-Party Complaint against plaintiffs father, Michael Grandmaison, seeking indemnification and contribution. In their complaint, Fiesta and Essex allege that Daniel Grandmaison’s injuries were caused by Michael Grandmaison’s negligent failure to supervise him.
Michael Grandmaison has moved to dismiss the Third-Party Complaint for failure to state a claim pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons stated herein, Grandmaisoris Motion to Dismiss is ALLOWED in part and DENIED in part.

DISCUSSION

A. Applicable Standard

Rule 12(b)(6), Mass.R.Civ.P., provides that a plaintiffs complaint may be dismissed in whole or in part for failure to state a claim of which relief may be granted. For purposes of a motion to dismiss, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Casualty Ins., Co., 413 Mass. 583, 584 (1992). A motion to dismiss should be granted only if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp., 413 Mass, at 584, quoting Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B. Third-Party Claims

Mass.R.Civ.P. 14(a) governs third-party practice in the Commonwealth. Rule 14(a) provides, in relevant part: “[A] defending party, as a third-party plaintiff, may... cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiffs claim against him.” Rule 14(a) provides a vehicle whereby a defendant may seek indemnification or contribution from a third party. *130 Gabbidon v. King, 414 Mass. 685, 686 (1993). Where the third-party complaint does not assert a claim for derivative or secondary liability, it must be dismissed. Id. at 686-87.
C. Claim for Indemnification
A right to indemnity arises in three situations: (1) an express contract for indemnification; (2) a contractual right to indemnification implied from the relationship between the parties; and (3) a tort-based right to indemnification. Araujo v. Woods Hole, 693 F.2d 1, 2 (1st Cir. 1982). The third-party plaintiffs do not assert a right to contractual indemnification. “The general rule is that a person who negligently causes injury to a third person is not entitled to indemnification from another person who also negligently caused [the] injury.” Rathbun v. Massachusetts Western Electric Co., 395 Mass. 361, 364 (1985). Because any liability on the part of either Fiesta or Essex will be predicated on its own breach of duty, neither has a right to common-law indemnification. Economy Engineering Co. v. Commonwealth, 413 Mass. 791, 793-94 (1992). Accordingly, Grandmaison’s Motion to Dismiss is allowed as to Count I of the Third-Party Complaint.

D. Claim for Contribution

The Joint Tortfeasors Act, G.L.c. 23 IB, affords a right of contribution where two or more persons become jointly liable in tort for the same injury to person or property. Hayon v. Coca Cola Bottling Co. of New England, 375 Mass. 644, 648 (1978). G.L.c. 231B applies to third-party action for contribution; doctrine of interspousal immunity does not bar action). Contribution claims are derivative causes of action predicated on liability in tort. Berube v. City of Northampton, 413 Mass. 635, 638-39 (1992).
In support of his motion to dismiss, Grandmaison argues that the Supreme Judicial Court has not recognized a cause of action for negligent parental supervision resulting in injury to the child.[3] Fiesta and Essex argue that in Stamboulis v. Stamboulis, 401 Mass. 762 (1988), the Supreme Judicial Court abolished the doctrine of parental immunity for negligent injury to a minor child thereby authorizing third-party claims against a parent for negligent supervision.
The doctrine of parental immunity was abrogated with respect to motor vehicle torts in Sorenson v. Sorenson, 369 Mass. 350, 365-66 (1975) (noting that there may be exercises of parental discretion and authority which should be immune from judicial scrutiny). Thereafter, in Stamboulis, 401 Mass, at 764-65, the Court held that the parent-child immunity doctrine is not an absolute bar to an action by a child against a parent whose negligence caused injury to the child.[4] The Court expressed no view as to whether it would permit the child to recover for negligent parental supervision because that issue was not presented to the lower court and the summary judgment record was not sufficiently developed to permit “an appropriate analysis of this issue.” Stamboulis, 401 Mass. at 763, n.3. The Court then stated: “Once immunity is eliminated, the focus should be on the duty of care that should be applied in deciding a minor child’s negligence claim against a parent.” Id. at 765. The Court noted that the fact of parenthood is relevant to the standard of care which a court should apply and that courts have taken different views of the appropriate standard of care. In Stamboulis, the Court declined to reach the issue, stating that it could not decide the issue on the record before it. Id. at 765.
In a later decision, Ankiewicz v. Kinder, 408 Mass. 792 (1990), the Court considered the issue whether a defendant landlord sued under the lead paint statute could assert a claim for contribution against the minor plaintiffs mother. The trial court had dismissed the claim holding that the contribution statute applied only to liability in tort and did not cover statutoiy claims. The Supreme Judicial Court reversed holding that the substantive nature of the plaintiffs claim under the lead paint statute was a tort claim within the ambit of the contribution statute. The Court thus permitted a third-party claim for contribution predicated on negligent supervision by a parent resulting in injury to the child to go forward, but did not address the standard of care that would apply to such a claim.[5]
Both Stamboulis and Ankiewicz involved appellate review of a trial court’s allowance of a motion to dismiss. The teaching of these cases is that there is no absolute bar to the imposition of liability on a parent for injuries to a child resulting, in whole or in part, from negligent parental supervision. The parameters of such a cause of action, including the applicable standard of care, have not been addressed. Moreover, the Court has stated its reluctance to decide these issues in the absence of a fully developed record and consideration in the first instance by the trial court.
The issue is raised in the instant case by a motion to dismiss. The Court does not have the benefit of a record, much less a fully developed record. The Supreme Judicial Court’s decision in Stramboulis governs resolution of this motion and requires that the motion to dismiss the claim for contribution be denied.

CONCLUSION AND ORDER

For all of the foregoing reasons, it is hereby ORDERED that the Third-Party Defendant’s Motion to Dismiss the Third-Party Complaint be ALLOWED as to Count I and DENIED as to Count II.

 The action was originally brought by Daniel’s father, Michael Grandmaison. After a third-party complaint against Michael Grandmaison was filed, the plaintiffs Motion to Amend the Complaint to substitute his mother, Anne Marie Grandmaison, as his next friend was allowed without objection on February 2, 2006.

 This case does not involve a claim for negligent parental supervision brought by a third party injured by a child. It is established that parents have a duty to exercise reasonable care to prevent their minor children from intentionally or negligently inflicting harm on others. Alioto v. Marnell 402 *131 Mass. 36, 38 (1988). Tills duty arises “where the parent knows or should know of the child’s propensity for a particular type of harmful conduct and has die opportunity to take reasonable corrective measures.” Id., citing Caldwell v. Zaher, 344 Mass. 590, 592 (1962).

In Stamboulis, a mother took her three-year-old daughter to the pizza shop she operated where the defendant worked. The defendant allowed the child to put pizza dough in pans. When the defendant went to answer the phone, the child caught her hand in an electric pizza dough-rolling machine and was injured. The child brought an action against the defendant for negligently causing her inj ury and he impleaded her mother. Stamboulis v. Stamboulis, 401 Mass. at 762-63.

In Remy v. MacDonald, 440 Mass. 675 (2004), the Court refused to recognize a legal duty on the part of a pregnant woman to her unborn child, but, citing Stamboulis, noted that its decision was not based on parental immunity and that had the child been even one day old when the accident occurred, the child would have had a right to recover for the mother’s negligence. Unlike Ankiewicz and the present case, Remy did not concern a claim predicated on negligent supervision.